IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LESTER FLETCHER, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-24-2350 |
| JEFF BEZOS, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM & ORDER**

On August 13, 2024, Lester Fletcher filed a complaint in this Court against Amazon.com, LLC, Amazon Wacs, LLC, and Amazon.com, Inc. (the "Amazon defendants"), Jeff Bezos, and Kevin Moon. Fletcher's complaint, construed liberally, appears to allege discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* The Court denied the Amazon defendants' motion to dismiss without prejudice and allowed limited discovery. The defendants provided evidence that Fletcher did not file a timely complaint and again asked the Court to dismiss the complaint. For the following reasons, the complaint is dismissed.

**I.     Background**

On January 21, 2025, the Amazon defendants moved to dismiss the complaint, arguing, inter alia, that Fletcher failed to file his complaint within 90 days of the EEOC's issuance of a right-to-sue notice, as both Title VII and the ADA require. ECF 17. The Court denied the motion without prejudice and allowed limited discovery on when Fletcher received the right-to-sue notice because the Court could not determine from the pleadings whether Fletcher timely filed his complaint.  EC 28.

On July 2, 2025, the defendants filed a status report and a portion of Fletcher's EEOC file, which showed that the EEOC issued and emailed Fletcher a right-to-sue notice on April 19, 2024, and Fletcher downloaded the notice that same day. ECF 29; ECF 29-1, at 8–10. They asked the Court to dismiss the complaint as untimely. ECF 29.

On July 14, 2025, the Court found that the 90-day clock for filing a complaint began on April 19, 2024 and that Fletcher did not file his complaint in this Court until August 13, 2024, more than 90 days after he received the right-to-sue notice. ECF 30; *see* 29 C.F.R § 1614.407(a) (90 days to file Title VII complaint in federal court); 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (applying § 2000e-5 to ADA claims). The Court ordered Fletcher show good cause why his case should not be dismissed with prejudice for failure to timely file the complaint. ECF 30. The Court warned that failure to comply with the July 14 Order would result in dismissal of the complaint with prejudice and without further notice. *Id.*

Fletcher filed a motion to compel the defendants to share with him any evidence they obtained regarding the right-to-sue notice. ECF 31. The Amazon defendants filed a response. ECF 32. Fletcher then filed a second opposition to the Amazon defendants' January 21 motion to dismiss, ECF 33, and the Amazon defendants treated the filing as a response to the Court's show cause order and filed an opposition, ECF 34. Fletcher then filed a response to the show cause order, stating that extraordinary circumstances (to wit: a sinus infection and computer troubles) prevented him from timely filing his complaint and entitle him to equitable tolling. ECF 35, at 1, 7. The Amazon defendants responded that Fletcher failed to show good cause. ECF 36. Fletcher filed a reply, ECF 37, and a motion for summary judgment, ECF 38, which the parties fully briefed, ECF 39, 40.

**II.     Discussion**

The Court has found that Fletcher failed to file a timely complaint. ECF 30. That Fletcher filed suit after the 90-day period does not automatically doom his Title VII and ADA claims because the time limit for filing suit under these statutes is not jurisdictional. *See, e.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982) (Title VII); *Baldree v. Vallen Distrib., Inc.*, No. 3:20-cv-00467-MOC-DCK, 2020 WL 6875156, at *4 (W.D.N.C. Nov. 23, 2020) (ADEA); *McGuffin v. Colvin*, No. 5:16-CV-467-D, 2017 WL 52579, at *3 (E.D.N.C. Jan. 3, 2017) (Rehabilitation Act), *aff'd sub nom. McGuffin v. Berryhill*, 697 F. App'x 247 (4th Cir. 2017). It is, rather, akin to a statute of limitations and thus "is subject to waiver, estoppel, and equitable tolling." *Zipes*, 455 U.S. at 393; *see also Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (en banc). Fletcher argues that equitable tolling applies. As the party seeking equitable tolling, Fletcher bears the burden of showing that he is entitled to it. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Equitable tolling is appropriate when a plaintiff shows "(1) that [they have] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way and prevented timely filing." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 551 (4th Cir. 2019) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)).[1] The court should apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against

---

[1] As the Fourth Circuit recognized in *Edmonson*, two other equitable doctrines—fraudulent concealment and equitable estoppel—allow a court to toll a statute of limitations where the defendant has engaged in a "wrongful . . . effort . . . to prevent the plaintiff from suing." *Edmonson*, 922 F.3d at 549 (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)). Neither of these doctrines is relevant here because Fletcher does not argue that the defendants prevented him from filing this lawsuit.

the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The court must be mindful that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (per curiam). And the court "must be guarded and infrequent" in its application of equitable tolling, "lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (quoting *Harris*, 209 F.3d at 330).

Fletcher does not argue he has been pursuing his rights diligently. For purposes of this analysis, the Court will assume he has. Instead, Fletcher argues that his illness, laptop difficulties, and time he spent "dealing with other litigations" on April 24 and May 3 are extraordinary circumstances that justify equitable tolling. ECF 35, at 3–5; *see* ECF 35-2 (EEOC notices for other claims he filed). Specifically, he states that he "became ill" in January 2024 and "got sicker and took off" in February 2024. *Id.* at 3. He states that he had "fluid around his brain, in his face and sinus areas." *Id.* He was diagnosed with rhinorrhea, which "caused him to have thick running yellowish mucus, face tightening, Nasal congestion, Sneezing, uncontrollable coughing, dizziness, drainages in the throat, weakness, sleepless nights, shortness of breath and uncertainties." *Id.* at 3–4. He states that he "started getting sicker" in March 2024, and he saw an ear nose and throat specialist on April 12, 2024. *Id.* at 4. Fletcher states he "does not recall downloading his 'Right to Sue Notice[.]" *Id.* Fletcher reports that, as of May 2, he "was still homeless, staying with relatives at times sleeping on the floor and feeling extremely sick"; as of June 3, he still had a chronic sinus infection. *Id.* at 5. He saw a doctor on June 14, and he had ear surgery on July 8 "to drain the fluid and place[] one tube in each of the plaintiff's ears to drain the fluid." *Id.* He went to a follow-up appointment on July 22, still feeling "terribly ill and dealing with other complications relating to

4

his health." *Id.* at 6. He attached documentation of his April 12, May 2, June 3 and 14, and August 23, 2024 medical appointments and images of his sinuses. ECF 35-3, at 1–48.

As for his computer troubles, Fletcher asserts that "[a]round [April 19,] the plaintiff was preparing to send his laptop in for repair service." ECF 35, at 4. He states that "[o]n April 16/19th, 2024, the plaintiff received an email from HP services stating they are waiting on the computer to repair it, but the plaintiff was still feeling ill." *Id.* The documents attached show that HP sent him instructions for shipping his laptop for repair on April 9, and HP emailed him on April 24 to say that they had not received his laptop yet. ECF 35-1, at 4–6. HP received the laptop on April 26 and returned it on May 2. *Id.* at 7–12. On June 4, his "laptop crashed, and . . . would not come back on." ECF 35, at 4. Despite his lack of a laptop, he was able to receive an email on June 10. *Id.*

Fletcher has not met his burden of showing that he is entitled to equitable tolling. Fletcher claims that his illness made it impossible for him to file his complaint on time, but he has not provided any specific facts that explain why his sinus infection rendered him completely unable to file his complaint during the 90-day limitations period. *See, e.g.*, *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (en banc) (rejecting habeas petitioner's argument that his medical condition warranted equitable tolling because he "simply provides no reason why his medical condition barred him from filing his habeas petition at least one day earlier"); *Boudouin v. Mabus*, Civ. No. 2:10cv109, 2010 WL 11561528, at *5 (E.D. Va. Oct. 13, 2010) (declining to apply equitable tolling to untimely administrative complaint where, although plaintiff stated that he had been providing full-time care for his ill mother following her release from the hospital, he "fail[ed] to explain his role in caring for his mother and/or how such role prevented him from making any contact with a Navy representative" or "why he was unable to contact an [Equal Employment Opportunity] counselor during the weeks his mother was still in the hospital, or why he was precluded from

5

doing the same after his mother was released from the hospital") (footnote omitted); *Blakes v. Gruenberg*, Case No. 1:14-cv-1652-GBL/IDD, 2015 WL 9274919, at *7 (E.D. Va. Dec. 18, 2015) (attorney's need to care for sister following a "life-threatening medical emergency" did not merit equitable tolling in part because plaintiff and attorney did not "explain *how* [p]laintiff's attorney taking care of his sister was so debilitating that this [c]omplaint could not be timely filed"). Nor has Fletcher established that the laptop repairs justify equitable tolling. Fletcher's problems with his laptop occurred from about April 26 to May 2—leaving him ample time afterward to meet the filing deadline. Even if Fletcher's laptop crashed on June 4, he has not explained why he could not find an alternative way to draft a complaint, including writing it by hand. Finally, Fletcher has not shown that pursuing claims against other parties prevented him from pursuing the claims in this case.

Having considered Fletcher's arguments and the evidence he submitted, the Court finds that Fletcher has not established that "some extraordinary circumstance stood in his way and prevented timely filing." *See Edmonson*, 922 F.3d at 551 (quoting *Menominee*, 577 U.S. at 255). The "rare instances" reserved for equitable tolling, *Harris*, 209 F.3d at 330, include cases where a claimant suffers from "profound mental incapacity," *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004), where they live under a regime that deprives them of a judicial remedy, *Warfaa v. Ali*, 1 F.4th 289, 294–95 (4th Cir. 2021), or where their "attorney engages in 'serious misconduct' such as 'ma[king] misrepresentations to the [plaintiff], disregard[ing] the [plaintiff's] instructions, refus[ing] to return documents, or abandon[ing] the [plaintiff's] case," *Edmonson*, 922 F.3d at 549 (alterations in *Edmonson*) (quoting *Downs v. McNeil*, 520 F.3d 1311, 1321–22 (11th Cir. 2008)). Fletcher has not identified similar circumstances that would make it "unconscionable to enforce

the limitation period against [him]." *See Harris*, 209 F.3d at 330. Fletcher's claims against the Amazon defendants are dismissed.

Fletcher's claims against Moon and Bezos remain. Fletcher is proceeding *in forma pauperis*, and therefore the Court is "charged with the unusual duty of independently screening initial filings, and dismissing those actions that plainly lack merit." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006). When a plaintiff proceeds *in forma pauperis*, an untimely complaint may be dismissed *sua sponte* as part of this duty of independent review because such cases "implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation." *See id.* The Court dismisses the claims against Bezos and Moon *sua sponte* as untimely. *See id.*

### III.    Conclusion

Because Fletcher has failed to show good cause for failing to file a timely complaint, his claims are dismissed with prejudice.

His motions to compel and for summary judgment are moot.

Accordingly, it is, this 20th day of November, 2025, hereby ORDERED:

1.    Fletcher's claims are DISMISSED with prejudice for failure to show good cause why they should not be dismissed as untimely;

2.    Fletcher's motion to compel, ECF 31, is DENIED as moot;

3.    Fletcher's motion for summary judgment, ECF 38, is DENIED as moot; and

4.    The Clerk shall MAIL a copy of this Memorandum & Order to Fletcher and shall CLOSE the case.

                                                                                 Deborah L. Boardman
                                                                                  United States District Judge